# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS UNION LOCAL 948,<br><br>  Plaintiff,<br><br>  vs.<br><br>NATIONAL ASSOCIATION OF BUSINESS REPRESENTATIVES; SHARON MOSLEY; CHRIS TIERNAN; and LUPE JUAREZ,<br><br>  Defendant | Case No.: 1:12cv0612 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO SET ASIDE DEFAULT<br><br>(Doc. 14) |

Defendants National Association of Business Representatives, Sharon Mosley, Chris Tiernan and Lupe Juarez ("Defendants") filed the instant motion to set aside default on June 20, 2012.  The matter was heard on July 20, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Kenneth Absalom appeared on behalf of Defendants.  Anne Yen appeared telephonically on behalf of Plaintiff Teamsters Union Local 948.

**FACTUAL BACKGROUND**

Plaintiff Teamsters Union Local 948 ("Local 948") is a local union affiliated with the International Brotherhood of Teamsters.  Defendant National Association of Business Representatives ("NABR") is a purported labor organization representing business

1

representatives employed by Local 948.[1]  Defendants Sharon Mosley and Chris Tiernan are officers and agents of NABR and are former employees and business representatives of Local 948.  Defendant Lupe Juarez was formerly the Secretary-Treasurer and Principal Officer of Local 948 prior to January 1, 2012.

According to the Complaint, Local 948 and NABR became parties to a purported collective bargaining agreement for the period of August 22, 2011 through August 21, 2012.  Local 948 and NABR entered the agreement on August 22, 2011, shortly before an internal union election was scheduled to be held.  The election was supervised by the Department of Labor because Local 948, under the leadership of Lupe Juarez, had conducted its prior officer election in violation of the election procedures of the Landrum-Griffin Act.  Complaint ¶¶ IV-V.

Lupe Juarez entered into the agreement with NABR, Sharon Mosley as Secretary-Treasurer of NABR and Chris Tiernan as President of NABR in order to preserve the employment of defendants and other employees and representatives working for Local 948, expecting that the membership would vote out the incumbent officers, including Lupe Juarez.  Complaint ¶ VI.  The agreement attempts to prohibit any newly elected officers from terminating employees, including Sharon Mosley and Chris Tiernan, if they had previously supported incumbent officers or continued to support former officers who were defeated or continued to support any such candidate in opposition to the newly elected officers.  Complaint ¶ VII.

Local 948 contends that Sharon Mosley, Chris Tiernan and NABR anticipated that incumbent Lupe Juarez and his slate would lose the election and that any "new officers would terminate them and seek to hire new business representatives to reflect the democratic will of the majority of the members of Local 948."  Complaint ¶ VIII.  Local 948 alleges that the purpose of

---

[1]     Local 948's counsel searched for NABR on the website of the Office of Labor-Management Standards of the Department of Labor, where labor organizations representing workers in collective bargaining in the private sector are required to register.  The search returned no labor organization of that name.

the agreement was to protect the interests of Defendants Mosley and Tiernan, but not Local 948 or its membership. *Id.*

Following the election, the Department of Labor certified a new slate of officers, including Adam Ochoa as the principal officer. Lupe Juarez and his slate were defeated. When Mr. Ochoa took over the administration of Local 948 on January 1, 2012, he terminated Sharon Mosley, Chris Tiernan and other employees covered by the agreement. Local 948 alleges that its bylaws authorized Mr. Ochoa to discharge employees of the union and to select his or her business representatives. Complaint ¶¶ VIII-XI. NABR filed grievances asserting that the terminations violated the collective bargaining agreement. Local 948 contends that the collective bargaining agreement is invalid and voidable.

## **PROCEDURAL BACKGROUND**

Local 948 instituted this action for declaratory and injunctive relief regarding the collective bargaining agreement on April 17, 2012.

Defendant Chris Tiernan was served personally with the summons and complaint on April 25, 2012, and was required to answer or to respond to the complaint by May 16, 2012. Defendant Lupe Juarez was served by substituted service on April 28, 2012, and was required to respond to the complaint by May 31, 2012. Defendants NABR and Sharon Mosley were served personally on May 2, 2012, and were required to respond to the complaint by May 23, 2012. Defendants did not file timely responses to the complaint.

On June 8, 2012, Local 948 requested entry of default as to all defendants. Pursuant to that request, the Clerk of the Court entered their default on June 11, 2012.

On June 14, 2012, Defendant Sharon Mosley, then proceeding pro se, submitted a declaration in opposition to Local 948's request to enter default. Subsequently, on June 20, 2012, Defendants, through specially appearing counsel, jointly filed the instant motion to set

aside default. Local 948 opposed the motion on July 3, 2012, and Defendants replied on July 13, 2012.

## DISCUSSION

### I. Objection to Defense Counsel

Defendants retained the Law Office of Kenneth C. Absalom only "for purposes of preparing papers to seek an order setting aside the default." Motion, p. 3. Local 948 filed a formal objection to his representation on July 18, 2012. Local 948 explains that it was a client of Mr. Absalom's during the time that Defendant Juarez was Principal Officer of Local 948, including the time when the agreement at issue was devised. Local 948 believes that Mr. Absalom cannot represent Defendants in this case because there is a conflict of interest. Local 948 asks that the Court require Mr. Absalom and his firm to withdraw.

In the absence of a formal motion seeking withdrawal of defense counsel, the Court declines to address Local 948's objection without providing Mr. Absalom and defendants an opportunity to brief the matter. The objection alone lacks sufficient information to permit an informed, reasoned decision by the Court.

### II. Motion to Set Aside Default

A. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether to set aside a default for "good cause," the court considers the following factors: (1) whether the plaintiff would be prejudiced by setting aside the default; (2) whether the defendant has a meritorious defense; or (3) whether the defendant's culpable conduct led to the default. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). These factors are disjunctive, and the court may deny the motion if any of the three factors is present. *Id.*

Case 1:12-cv-00612-AWI-DLB   Document 30   Filed 07/30/12   Page 5 of 10

B. Analysis

   1. Prejudice

To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Joe Hand Promotions, Inc. v. Clifton*, 2011 WL 4500862, *4 (E.D. Cal. Sept. 27, 2011). Local 948 does not argue that it will be prejudiced if the default is set aside.

   2. Meritorious Defense

A defendant seeking to set aside default must allege sufficient facts that, if true, would constitute a defense. *TCI Group*, 244 F.3d at 700. Defendants assert that Local 948's claim is that Defendants violated Local 948's bylaws when they entered into a collective bargaining agreement between NABR and Local 948 because the Constitution of the International Brotherhood of Teamsters ("IBT") forbids local union officers from entering into a collective bargaining agreement with the local union's employees. Defendants contend that Defendant Mosley's declaration states sufficient facts to show that Defendants did not violate the IBT Constitution.

In the declaration, Defendant Mosley states that IBT Bylaws forbid an incumbent administration of a local union from entering into a collective bargaining agreement with its staff during a designated time period immediately prior to the effective date of a change in administration. Defendants claim that they entered the subject agreement outside of that time bar and thus it was permissible. Defendants also claim that because they did not violate the bylaws, they did not breach any fiduciary duty under the Labor Management Reporting and Disclosure Act.[2] Declaration of Sharon Mosley ("Mosley Dec.") ¶ 7.

---

[2] Defendants further declare that following the change of administration of Local 948, all of the then employed business representatives were terminated or retired. NABR filed grievances under the collective bargaining

Local 948 counters that Defendants have not asserted a meritorious defense because the issue is not whether the IBT Constitution and the Bylaws allow Local 948 to enter into a collective bargaining agreement with a staff union. Rather, Local 948 contends that the issue is whether the provision in the collective bargaining agreement which putatively restricts the elected Principal Officer from selecting his business representatives is void.

Local 948 asserts that Section IX of the agreement is invalid because (1) it violates the IBT Constitution and the Bylaws; and (2) because Defendants breached their fiduciary duty to Local 948 by entering into the agreement. Local 948 explains that 29 U.S.C. § 501(a) imposes a duty on union officers and representatives to act solely for the benefit of the organization and its members and to use the union's resources in a manner consistent with its constitution and bylaws. Additionally, Local 948's bylaws specifically provide that the Secretary-Treasurer shall have the power to appoint, suspend or discharge all of the officers and employees of the union. Declaration of Adam Ochoa ("Ochoa Dec.") Ex. A, p. 6.

Local 948 indicates that Section IX of the agreement prohibits the elected Secretary-Treasurer of the union from discharging a business representative if a motivating factor for the termination is the business representative's support for another candidate or slate of candidates in local union elections. Ochoa Dec. Ex. C. Local 948 contends that this provision improperly "prohibits the Secretary-Treasurer from choosing business representatives who support his or her administration instead of a different past or present candidate." Opposition, p. 8; *Finnegan v. Leu,* 456 U.S. 431, 441-42 (1982) (where a union's bylaws grant the elected officer plenary authority to appoint, suspend, discharge, and direct the Union's business agents, the elected

---

agreement. Local 948 refused to accept the grievances and asserted that it was withdrawing recognition of NABR as the bargaining representative. Defendants Mosley and Tiernan filed unfair labor practice charges with the National Labor Relations Board. Defendants now contend that the subject matter of this action involves the same issues as their grievances and is pre-empted by the National Labor Relations Act. Mosley Dec. ¶ 7. Defendants appear to be mistaken. According to Local 948, the unfair labor practice charges are now stayed pending this litigation because the NLRB determined that the validity of the Agreement should be resolved in court. Declaration of David Rosenfeld ("Rosenfeld Dec.") ¶ 2.

officer may, consistent with the Labor-Management Reporting and Disclosure Act, discharge appointed business agents and appoint agents of his choice to carry out his policies). Local 948 also believes that Section IX of the agreement constitutes "egregious self-dealing on Defendants' part in their own personal interest, by entering into an agreement which protected their jobs, where the bylaws and IBT Constitution provided that newly elected officers could select their representatives." Opposition, p. 8.

Defendants reply that there is nothing in *Finnegan* which limits the right of appointed business agents to form their own bargaining representative, and to negotiate a collective bargaining agreement which limits the right of a newly elected administration to terminate business agents who may have supported another candidate for union office. Defendants believe that the IBT Constitution allows a local union to enter into a collective bargaining agreement with another union covering local union employees unless it is negotiated after the local union election. Ochoa Dec., Ex. B. In other words, Defendants believe they have a defense based on the general rule that Local Union employees have the right to be represented by their own bargaining agent and to negotiate a collective bargaining agreement setting the terms of the conditions of their employment and the timeliness of the agreement.

The Court finds that the issue before the court is a legal one and that Defendants have asserted a defense to Local 948's that the agreement is invalid.

   3. Culpable Conduct

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. *TCI Group*, 244 F.3d at 697. Indeed, conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Here, Defendants have provided an explanation that is inconsistent with a deliberate, wilful, or bad faith failure to respond. Defendants explain that on May 14, 2012, before the

deadline to file a responsive pleading, they received a written proposal for settlement from Local 948's counsel. Defendants discussed the offer and decided to make a counteroffer in an effort to settle the case. Declaration of Chris Tiernan ("Tiernan Dec.") ¶ 4; Declaration of Lupe Juarez ("Juarez Dec.") ¶ 4-5;  Mosley Dec. ¶ 5.a-c.

On May 17, 2012, Defendant Tiernan attempted to contact Adam Ochoa, the Principal Officer of Local 948. Mr. Ochoa responded on May 21, 2012, and told Defendant Tiernan to contact Local 948's counsel. Defendant Tiernan attempted to contact Local 948's counsel, Mr. Rosenfeld, but was informed that he was out of town. Tiernan Dec. ¶ 5.

On May 22, 2012, Defendant Tiernan tried to speak with Mr. Ochoa, but he was not available. Defendant Tiernan left a counter settlement proposal with Mr. Ochoa's office. In the counter proposal, Defendants asked that further action on this lawsuit be postponed while they attempted to get the matter settled. Tiernan Dec. ¶ 6. That same day, Defendant Tiernan was contacted by an attorney in Mr. Rosenfeld's office, Anne Yen. Defendant Tiernan explained why he had been trying to reach counsel. Ms. Yen indicated that she did not know about the issues, but would look into it and get back to him. Tiernan Dec. ¶ 6.

On May 24, 2012, Defendant Tiernan sent a copy of the settlement proposal directly to Mr. Rosenfeld. Tiernan Dec. ¶ 7. Defendants did not hear anything further on the settlement proposal until Local 948 requested entry of default. Tiernan Dec. ¶ 8. Defendant Mosley declares that she did not file an answer because she believed that further proceedings would be stayed while they engaged in settlement discussions. Mosley Dec. ¶ 5.d. Defendants Tiernan and Juarez joined in her reasons. Tiernan Dec. ¶ 11; Juarez Dec. ¶ 7.

It is clear that Defendants did not respond to the complaint because of ongoing settlement discussions, which were initiated by Local 948's counsel. Although Local 948 argues that the settlement negotiations did not render Defendants' neglect reasonable or excusable, the citation to *Billy Steinberg Music v. Bonin*, 129 F.R.D. 488, 491 (M.D. Pa 1990) is distinguishable. In

*Billy Steinberg*, the defendant failed to respond to the complaint based on a unilateral belief that the matter would settle.  The court found that defendant's failure to respond was the result of his own culpable conduct based, in part, on a lack of evidence that defendant made any attempts at settlement.  *Id.* at 491.  Here, however, both parties participated in settlement attempts and Defendants made repeated efforts to contact both Local 948 and its counsel to discuss settlement of this matter.  There is no indication that Defendants' failure to respond during this time was devious, deliberate, willful, or in bad faith.

Based on the foregoing, the Court will recommend that Defendants' default be set aside, allowing this matter to be adjudicated on the merits.

**III.   Fees**

As the Court recommends granting the motion, Local 948 requests that such relief be granted conditionally, requiring Defendants to pay $3,446.25 for Local 948's fees incurred in entering the defaults and opposing the motion and requiring Defendants to forfeit the filing of any motion to dismiss.  *See, e.g., Turin v. Correctional Medical Servs., Inc.*, 262 F.R.D. 405, 410 (D. De 2009) (court granted relief from default judgment with conditions).   In this case, the Court finds it appropriate to allow Local 948 to recover only its fees incurred in entering the defaults in the amount of $321.25 as a condition of the set aside.  Declaration of Anne Yen ¶ 7.

### RECOMMENDATION

For the reasons stated above, the Court HEREBY RECOMMENDS as follows:

1. Defendants motion to set aside the default be GRANTED; and
2. Defendants be ORDERED to file a response to the complaint within twenty-one (21) days and to pay Local 948's fees incurred in entering the defaults as a condition of the set aside.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and

Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within **fourteen (14) days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   **July 30, 2012**                           /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE